UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION-BAY CITY

In re: MICHAEL B. WHITE AND,
DARLA K. WHITE, DECEASED

Debtor(s).

Case No. 13-21977-DOB
Chapter 7
Hon. Daniel S. Opperman

_____

MICHAEL B. WHITE,

      Plaintiff,

Adv. No. 21-02038-DOB

vs.

U.S. DEPARTMENT OF EDUCATION,
GREAT LAKES EDUCATIONAL LOAN
SERVICES, INC., ET. AL.,

      Defendants,
_____/

### UNITED STATES' OPPOSITION TO DEBTOR'S MOTION FOR SUMMARY JUDGMENT AND/OR JUDGMENT ON THE PLEADINGS

The United States, on behalf of the Department of Education, (hereinafter United States or Education) by and through its counsel, hereby files this brief opposing Debtor Michael White's (hereinafter Debtor or Mr. White) motion for summary judgment and/or for judgment on the pleadings.

The United States has moved to partially dismiss this case. That motion is pending at this time with a hearing scheduled for March 3, 2022. For the reasons stated in that motion, most of the claims asserted by Mr. White should be dismissed. As a result, Mr. White is clearly not entitled to judgment on those claims.

As for the 11 U.S.C. § 523(a)(8) claims that the United States has not moved to dismiss, Mr. White's motion is premature. There has been no discovery on these claims and there are factual disputes regarding whether Mr. White is entitled to a discharge of his student loan debt. Therefore, Mr. White is not entitled to judgment on these claims either.

For these reasons, Debtor's motion should be denied.

## FACTS

The underlying bankruptcy case was filed over eight years ago and contains over 1,000 docket entries. Mr. White and his wife filed the joint petition for relief under Chapter 11 of the Bankruptcy Code. (Case No. 13-21977, ECF No. 1). Over debtors' objection, the case was converted to Chapter 7 on August 22, 2014. (Case No. 13-21977, ECF No. 168).

After the case was filed, the United States, through its servicer Great Lakes Educational Loan Services, Inc. ("Great Lakes"), timely filed a proof of claim related to federal parent plus student loan debts incurred by Mr. White. The proof of claim (Claim 5 in Case No. 13-21977) was in the amount of $66,455.61 and lists the United States Department of Education as the creditor.

After the Court converted the case to a Chapter 7 proceeding, Mr. White filed an objection to Education's claim on June 12, 2015. (Case No. 13-21977, ECF No. 356). The objection requested that the Court partially deny Education's claim due

2

21-02038-dob    Doc 39    Filed 02/07/22    Entered 02/07/22 12:43:34    Page 2 of 12

to undue hardship and because the claim was inaccurate or improper. It requested that the proof of claim be allowed in an amount of $24,378.88 and that the interest be "frozen" until January 1, 2015 with interest accruing at the normal rate after that date. (Case No. 13-21977, ECF No. 356, p. 6). The objection was not served on the United States.

While the first objection to claim was pending, Debtor filed another objection on February 27, 2017, this time calling it "Debtor's Omnibus Objection to Proof of Claims." (Case No. 13-21977 ECF No. 607). That filing asked to strike the claim for failure to respond to the earlier objection. But Debtor failed to serve the objection on any of the designated addresses for the United States.

It appears that there was a hearing on the second objection on April 13, 2017 and, thereafter, an "Order Regarding Debtor's Omnibus Objection to Proof of Claims" was entered on April 18, 2017. The order stated that "U.S. Department of Education Claim #5 the Debtor's objection is sustained and the claim is dismissed with prejudice." (Case No. 13-21977, ECF No. 664).

The United States moved to set aside the April 18, 2017 order for lack of proper service. And on September 30, 2020, the Court granted that motion and entered an order "Set[ting] Aside the Court's April 18, 2017 Order… as to Proof of Claim No. 5 only." (Case No. 13-21977, ECF No. 938).

About a year later, Debtor filed this adversary proceeding. The Complaint

3

21-02038-dob    Doc 39    Filed 02/07/22    Entered 02/07/22 12:43:34    Page 3 of 12

asserts claims against a number of defendants including the United States Department of Education. The Complaint includes twelve counts, but the counts can be grouped into five categories. Counts 1-6 attempt to challenge the validity of Education's claim. As a result, these counts will be referred to as the "Claim Objection Counts." Counts 7, second count 8, and count 9 seek a discharge of the student loan debt under Section 523 of the Bankruptcy Code. Therefore, these Counts will be referred to as the "Section 523 Claims." The first count 8 asserts a breach of contract claim so it will be referred to the "Contract Claim." Counts 10-11 allege fraud and misrepresentation. These counts will be referred to as the "Fraud Claims."

The United States has moved to dismiss all but the Section 523 claims. The motion for partial dismissal remains pending at this time.

## LEGAL STANDARD

Bankruptcy Rule 7056 provides that Federal Rule of Civil Procedure 56 applies in adversary proceedings like this one. Under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Sixth Circuit Court of Appeals has held that "a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery." *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir.

1994).

Federal Rule 12(c), which is incorporated in bankruptcy cases by Bankruptcy Rule 12, provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

## ARGUMENT

Mr. White moves for summary judgment and for judgment on the pleadings. The motion for judgment on the pleadings must be rejected out of hand. The United States has not yet answered the Complaint. Instead, it moved to partially dismiss the case. Since the United States not yet filed its Answer, the pleadings have not closed and the motion for judgment on the pleadings must be denied. *F.R.C. Int'l, Inc. v. United States*, 278 F.3d 641, 642 (6th Cir. 2002) (explaining that "[a]lthough the parties refer to the judgment as a judgment on the pleadings under Fed.R.Civ.P. 12(c), judgment under that rule was technically unavailable because the government had not filed an answer and thus the pleadings were not

5

closed as required by the rule.").[1]

That leaves just the motion for summary judgment. It is not entirely clear whether Mr. White is moving for judgment on all of the claims asserted in the Complaint or just some of them, though the motion only appears to seek partial judgment as it does not address the Contract or Fraud Claims. Regardless, for the reasons explained below and in the United States motion for partial dismissal, Mr. White is not entitled to judgment on any of the claims.[2]

1. **The United States is entitled to dismissal of all but the Section 523(a)(8) claims. As a result, Mr. White is clearly not entitled to judgment on the non-section 523(a)(8) claims.**

The United States has moved to dismiss the Claims Objection Counts, the Contract Claim, and the Fraud Claims. For the reasons explained in the motion to partially dismiss (and the briefs in support), that motion should be granted. If the Court dismisses the non-section 523(a)(8) claims, then Mr. White obviously cannot be granted judgment on those claims.

But even if the Court does not dismiss the claims, Mr. White is not entitled to judgment on the non-section 523 claims. Mr. White makes no argument in his brief explaining why he is entitled to judgment on the Fraud and Contract Claims and he

---

[1] Even if the motion for judgment on the pleadings had been properly filed, it should denied for the same reasons the motion for summary judgment should be denied.
[2] Rather than restate them, the United States incorporates all arguments made in the motion for partial dismissal here.

has not stated a valid basis for disallowing the United States' claim.

In his motion for judgment, Mr. White argues that the United States claim is void for violating Bankruptcy Rule 3001.  But as explained in the United States' motion to partial dismiss, this is not a ground for disallowing a claim.  The only grounds for disallowing a claim are those set forth in 11 U.S.C. § 502.  Mr. White has not plead and does not make any attempt to explain in his summary judgment brief why any of the grounds set forth in section 502 are satisfied.

Furthermore, Mr. White's own actions undercut his allegation that the claim is void.  In his first objection to Education's claim he requested that the claim be allowed in an amount of $24,378.88 and that the interest be "frozen" until January 1, 2015.  (Case No. 13-21977, ECF No. 356, p. 6).  Such a request makes no sense if the claim is void.  Rather, it is essentially a concession by Mr. White that the claim is valid.  Therefore, in light of Mr. White's own prior statements in the bankruptcy case indicating that the claim is valid, should the Court not dismiss the Claims Objections Counts, there are clearly disputed facts and discovery is required.  As a result, Mr. White's motion for judgment cannot be granted at this time.  *See White's Landing Fisheries, Inc.*, 29 F.3d at 231–32 (reversing summary judgment issued prior to any discovery in the case); *Moore v. Shelby Cty.*, 718 F. App'x 315,

320 (6th Cir. Nov. 22, 2017) (same).[3]

## 2. Mr. White's arguments regarding the section 523(a)(8) claims misstate the law and there are disputed issues of fact. As a result, he is not entitled to judgment on these claims.

As explained above, the only claims with any *potential* legal merit are the Section 523(a)(8) claims. The United States did not move for judgment on these claims because they are not yet ripe for resolution. But in his motion, Mr. White argues that he is entitled to judgment on the claims. His arguments are (1) contrary to binding precedent and (2) premature as discovery has not even commenced at this time.

11 U.S.C. § 523(a)(8) provides that student loan debts may not be discharged unless the borrower demonstrates "undue hardship." On page 16 of his summary judgment brief, Mr. White contends that this circuit applies a "less rigorous 'other factors'" test to determine if a debtor can establish an undue hardship under section 523(a)(8). This is a blatant mischaracterization of binding circuit court precedent.[4]

In interpreting section 523(a)(8), the Sixth Circuit has clearly held that there is an "undue hardship" only if (1) that the debtor cannot maintain, based on current

---

[3] Mr. White is not entitled to judgment on any claims. But it should be noted that if Mr. White were to succeed in establishing that Education's claim is void, that does not mean the debt is discharged. As explained in the motion for partial dismissal, it just means that the United States cannot share in any distribution. Also, if the claim is void, then the Court would lose jurisdiction over the damages claims Debtor asserts in his Complaint.

[4] Mr. White is pro se. Therefore, he is entitled to certain leniencies in regard to his pleadings. However, he is not entitled to make up facts or blatantly misstate the law.

income and expenses, a minimal standard of living for the debtor and the debtor's dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans. *Oyler v. Educ. Credit Mgmt. Corp. (In re Oyler)*, 397 F.3d 382, 385 (6th Cir. 2005) (*quoting Brunner v. N.Y. State Higher Educ. Serv. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987)). The debtor has the burden of establishing that grounds exist for discharging the debt under section 523(a)(8). *See Barrett v. ECMC (In re Barrett)*, 487 F.3d 353, 359 (6th Cir. 2007) (recognizing that debtor has burden of establishing an undue hardship).

Accordingly, Mr. White is just plain wrong when he asks the Court to apply a different standard in evaluating his Section 523(a)(8) claim. Applying the actual law, there are disputed questions of fact which preclude judgment in either parties' favor at this time.

The United States' position is that it issued Mr. White six Federal Direct Student Loans.

| | | |
|---|---|---|
| Loan No. 1 | $14,534.00 | disbursed: 10/18/06 |
| Loan No. 2 | $10,332.00 | disbursed: 08/30/07 |
| Loan No. 3 | $9,887.00 | disbursed: 09/26/08 |
| Loan No. 4 | $2,289.00 | disbursed: 04/15/09 |

Loan No. 5     $8,792.00     disbursed: 09/08/09

Loan No. 6     $3,739.00     disbursed: 06/14/10

Each of these loans was to pay the education expenses of Mr. White's daughter Andrea M. White. Attached as Exhibit 1 are documentation establishing that such loans were issued and remain unpaid. The current balance on the loans is $102,269.65. These loans were for "an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution."[5] As such, they are non-dischargeable under section 523(a)(8) unless Mr. White can establish an undue hardship under the above described three factor test.

In moving for judgment, Mr. White offers no admissible evidence, not even an affidavit, in support of his motion for judgment on the Section 523 Claims, which is reason by itself to deny the motion for judgment. And while Mr. White makes the unsubstantiated claims that he cannot maintain a minimal standard of living and has made a good faith effort to repay the loans, the motion is premature because the United States is entitled to discovery on these matters. For example, bank and/or employment records may reveal undisclosed assets, that Mr. White

---

[5] As explained in the response to the motion for partial dismissal, there is no requirement that the loan be for the debtor's own education. Any and all educational loans incurred by the debtor are excepted from the discharge. The text of 11 U.S.C. 523(a)(8)(A)(i) and (B), either of which could apply here, simply cannot support an alternative interpretation.

regularly made expenditures on unnecessary items, and/or that Mr. White failed to make payments during times when he was able to do so. As explained in the affidavit attached as Exhibit 2, the United States needs discovery on these matters. Therefore, Mr. White is not entitled to judgment on the Section 523 claims. *See White's Landing Fisheries, Inc.*, 29 F.3d at 231–32 (reversing summary judgment issued prior to any discovery in the case)

## CONCLUSION

For these reasons, Mr. White's motion should be denied in total.

|  |  |
|---|---|
| Dated: February 7, 2022 | DAWN N. ISON<br>United States Attorney |
|  | /s/John Postulka<br>JOHN POSTULKA (P71881)<br>Assistant U.S. Attorney<br>211 W. Fort Street, Suite 2001<br>Detroit, Michigan 48226<br>Phone: (313) 226-9118<br>Email: John.Postulka2@usdoj.gov |

11

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION-BAY CITY

In re: MICHAEL B. WHITE AND,
DARLA K. WHITE, DECEASED

       Debtor(s).

Case No. 13-21977-DOB
Chapter 7
Hon. Daniel S. Opperman

_____

MICHAEL B. WHITE,

       Plaintiff,

Adv. No. 21-02038-DOB

vs.

U.S. DEPARTMENT OF EDUCATION,
GREAT LAKES EDUCATIONAL LOAN SERVICES, INC., E. AL.,

       Defendants,
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2022, the United States' Opposition to Debtor's Motion for Summary Judgment and/or Judgment on the Pleadings was filed using the ECF System which will send notification of such filings to all counsel of record, and to the following Non-ECF Participants:

Michael White
11255 Block Road
Birch Run, MI 48415

       DAWN N. ISON
       United States Attorney

       /s/John Postulka
       JOHN POSTULKA ( P71881)
       Assistant U.S. Attorney
       211 W. Fort Street, Suite 2001
       Detroit, Michigan 48226
       Phone: (313) 226-9118
       Email: john.postulka2@usdoj.gov