| | |
|---|---|
| In re: Michael B. White and<br>Darla K. White, deceased | Case: 13-21977-dob<br>Chapter 7<br>Bankr. Judge Daniel S. Opperman |
| PLAINTIFF:<br>Michael B. White, individual<br>Debtor pro se | Adversary Complaint # 21-02038-dob<br><br>JURY DEMAND |

v

DEFENDANTS:
U.S. Department of Education
Great Lakes Educational Loan Services, Inc.
jointly and severally                                                         /

## ATTORNEYS

Plaintiff pro se:
Michael B. White, pro se
11255 Block Road
Birch Run, MI 48415
Tel 989-780-2110 Email: mikewhite5558@gmail.com

Defendants:
U.S. Department of Education
John Postulka (P71881) Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Tel (313) 226-9118 Email: John.Postulka2@usdoj.gov

Great Lakes Educational Loan Services, Inc.
Marc P. Jerabek (P65856)
Plunkett Cooney Law Firm
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
Office: 248-901-400  Cell: 248-961-2033
mjerabek@plunkettcooney.com                                             /

Plaintiff-Debtor White Response Brief (Docket ___) To U.S. Dept. of Education's
Motion For FRCP 26(b)(2)(C)(c) Protective Order (Docket 41)

1

Plaintiff-Debtor White Response Brief (Docket ___) To U.S. Dept. of Education's
Motion For FRCP 26(b)(2)(C)(c) Protective Order (Docket 41)

Now comes Plaintiff-Debtor pro per, Michael White, responding to the U.S. Department of Educations' Motion & Brief for Protective Order per FRCP 26(b)(2)(C)(c) (Docket 41).

Brief

White Withdraws Request For ED To Provide Great Lakes With Documents ED Produced On/About January 15, 2021

White withdraws his request for ED to provide documents: EDUCAT0001037 and 1124; EDUCAT0002000 – 2058; EDUCAT0003000 – 3098; EDUCAT0004000 – 4134; EDUCAT0004191 – 4238; EDUCAT0005000 – 5019; EDUCAT0006000 – 6022 to Great Lakes. White will copy the two-sided documents, and within a few days will mail them to Great Lakes.

Discovery Is Ripe

The date discovery is ripe:

1. ED: January 31, 2022
2. Great Lakes: February 12, 2022

ED and Great Lakes were served November 23, 2021, 90 days is February 21, 2022.

ED appeared December 2, 2021 (Adv Pro Docket 7) 60 days is January 31, 2022.

Great Lakes appeared December 14, 2021 (Adv Pro Docket 14) 60 days is February 12, 2022.

## Discovery Law

ED improperly quotes FRCP 26(d)(1) because FRCP 26(d)(1) has a clause exempting FRCP 26(a)(1)(B)(vii) student loans (see Adv Pro Docket 41, page 4). It is the government, not White, that claims the loans are guaranteed by the U.S. government.

ED is not entitled to a protective order per FRCP 26(c)(1)(A), (C), or (D). Discovery is ripe after 60 days from their first appearance. ED merely complains discovery is premature, not that White is prohibited from sending discovery early to assist ED with additional time now so a time extension will not be needed later. ED has not shown annoyance, embarrassment, oppression, or undue burden or expense.

FRCP 26(b)(1) ...the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim...proportional to the needs of the case, considering the importance of the issues at stake...the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.... Information within this scope of discovery need not be admissible in evidence to be discoverable.

FRCP 26(g) sanctions *Jianjun Chen v. 2425 Broadway Chao Rest. LLC*, No. 1:16-CV-5735-GHW, 2019 WL 2250336, (S.D.N.Y. May 24, 2019), responses were inaccurate, because counsel for the plaintiffs was "clearly aware of the testimony [his] own clients gave" yet responses contained "patent and objectively unreasonable inaccuracies." The court found sanctions to be required with culpability for the discovery violations on the attorney signing the documents. The court-imposed sanctions on the attorney personally to serve the interests of personal and general deterrence.

FRCP 26 (a) REQUIRED DISCLOSURES.

(1) *Initial Disclosure.*

(A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

Rule 26(a)(1)(B) *Proceedings Exempt from Initial Disclosure.* The following proceedings are exempt from initial disclosure:

(vii) an action by the United States to collect on a student loan guaranteed by the United States;

(d) TIMING AND SEQUENCE OF DISCOVERY.

(1) *Timing.* A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

FRCP Rule 16(b)(2) …the **EARLIER** of 90 days after the service of the complaint or 60 days from when the defendant has appeared.

FRCP 26(a)(1)(E) a party is not excused from making its disclosures because it has not fully investigated the case….

FRCP 26(a)(1)(A) a party must, **without awaiting a discovery request, provide to the other parties…**


Discovery Requests

Interrogatory #1

FOR EACH OF THE SIX LOANS IN CLAIM #5 please state an independent itemization of EACH SEPARATE account (no running one account into another, and no co-mingle Debtor and daughter). For EACH loan, chronologically list: each and every charge with description; each and every payment with description, each off-set including, but not limited to, grants, scholars, transfers, reversals. If any of the six loans listed in Claim #5 have an interest charge, show the calculation for interest separately for each of the six loans, with sufficient detail that Debtor can duplicate the math to determine each final number below. WHEN THERE IS AN OVERPAYMENT ON ACCOUNT, SPECIFICALLY SHOW WHERE THAT OVERPAYMENT WAS CREDITED, for example, show whether it was credited to Debtor's account, daughter's account, or somewhere else.

4

| | |
|---|---|
| 10/17/2006 | $14,534.00 |
| 08/29/2007 | 10,332.00 |
| 09/25/2008 | 9,887.00 |
| 04/14/2009 | 2,289.00 |
| 09/07/2009 | 8,792.00 |
| 06/13/2010 | 3,739.00 |

Reason for the request, this request is needed to prove the inaccuracy of Claim #5. White first disputed Claim #5 July 30, 2013 (Bkr Docket #1) repeating his objection May 12, 2015 (Bkr Docket 342); June 12, 2015 (Bkr Docket 356); February 27, 2017 (Bkr Docket 607); and December 20, 2020 (Bkr Docket 975).

ED produced EDUCAT0005019 that document shows $1,600.00 to the University of Michigan – Flint.

Great Lakes letter dated January 7, 2021 states, "The National Student Loan Data System (NSLDS) is ED's central repository for federal student loan information. NSLDS confirms that Great Lakes services **four** Direct Parent PLUS Loans. Now, more than a year later, Great Lakes asserts it was a typographical error (Adv Pro Docket 42, p. 6 of 8). If true, why did ED produce documents for the University of Michigan-Flint? FRBP 3001 requires Claim #5 be verifiable, why would Great Lakes and ED refuse to simply follow the code.

Interrogatory #2

In regard to Bkr 13-21977-dob Docket 921, ED attached a "Certificate of Indebtedness," February 19, 2020, stating $1,417.46 in payments were made on Claim #5. Please provide the date, payment amount, payment source, show to which of the six loans each payment was applied.

Since this interrogatory was sent out, ED has produced "new" Certificate of Indebtedness dated more than a year ago, February 2, 2021 stating $5,113.34 (Adv Pro Docket 39-1) in payments were made. On February 19, 2020, Christopher Bolander, Loan Analyst Litigation Support stated $1,417.46 in payments. (Bkr Docket 925-1). August 21, 2013, Claim #5 states zero.

Neither ED or Great Lakes can get the same number twice. Contrary to FRBP 3001, nothing is itemized. Itemization is critical as Great Lakes and ED argue White is required to "pass" Brunner's good-faith payment test.

### Interrogatory #3

Please specifically identify the authority relied upon for A) capitalizing interest on Claim #5, B) charging interest on interest.

Reason for the request: FRBP 3001 "supporting documents." Claim #5 does not have documentation supporting the charging of interest making Claim #5 grossly inaccurate.

### Production of Documents

1. For the time period, July 30, 2013 to present, produce any and all documentation and communications, as defined above, between ED and Great Lakes and/or ED and its attorney(s) for purposes of communications of Claim #5 (aka student loans), more specifically for notice(s) of activities in any way related to the bankruptcy case 13-21977-dob; this adversary proceeding, and/or Claim #5, as to such matters affecting Claim #5 including, but not limited to, objections to claim, notice of objections, forwarding of notices of Claim #5 matters, forwarding concerns related to the timely administration of Claim #5, matters concerning "lay low," to start collection activity, to stop collection activity, to stay/resume collections activity, whether correct, amend,

modify, supplement, or withdraw Claim #5, or communications to refrain from correcting, amending, modifying, supplementing, or withdraw of Claim #5, requests from Great Lakes to ED, or request from ED to Great Lakes to intervene, not to intervene, in the administration of Claim #5, requests by ED for Great Lakes to participate, or not participate, in the bankruptcy of Michael White, including but not limited to, responding to or showing up for hearings on claim objections and/or contested matters, and similar interactions. This request is not seeking attorney-client privilege between ED and its attorneys. This request, in part, is seeking information to show ED had timely knowledge of the bankruptcy proceedings regarding Claim #5.

Reason for this request: White, pro per, has researched to the best of his ability, and can find no court rule permitting Great Lakes to ignore service of the contested matter of an objection to claim which it filed. Great Lakes admits it filed Claim #5 and must assume responsibility Claim #5 errors and Great Lakes must be held responsible for very specifically listing itself as the party and address where to send notices.

On January 15, 2021, ED, via its attorney Kevin Erskine (P69120) provided document EDUCAT0004062 – 4069. These documents are Debtor's Omnibus Objection To Proof of Claim. See Bkr Docket 607. Great Lakes entered the documents into ED's file, giving ED real-time notice of the contest matter. ED had all the information necessary to intervene, and cannot now claim itself as a innocent victim with clean hands.

2. Please produce all documents and communications of ED authorizing Great Lakes to receive legal notice on behalf of ED.

Reason for the request see above.

3. Please produce a list of all bankruptcy cases, where debtors, sought discharge of student loan, or clarification of the amounts due, similar to this case 13-21977-dob and its adversary proceeding, In re: Sheldon Bert Leary, Leary v Great Lakes, ED, etal, Chapter 7 Bkr 15-115839MG), Adv Pro 15-01295(MG) (S.D.N.Y. 2020), where Great Lakes and/or ED have been sanctioned by the bankruptcy court for matters related to the handling of Chapter 7 student loans.

Reason for this request: FRCP 26(b)(1) states, "...the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim...proportional to the needs of the case, considering the importance of the issues at stake...the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.... Information within this scope of discovery need not be admissible in evidence to be discoverable."

White's current research suggests the Department of Education is not immune to a civil RICO action. Great Lakes an entity known as "NCO" are certainly not immune from a RICO action.

RICO: a civil plaintiff must prove defendant(s) engaged in acts if racketeering, these acts constituted a "pattern," and must prove all of the other elements of a civil RICO claim. A civil plaintiff need only convince a jury by a preponderance of evidence that the defendant(s) committed the acts of racketeering. If a plaintiff succeeds in establishing a civil RICO claim, he will be awarded three times actual damages plus the plaintiff's attorneys' fees and costs.

8

Great Lakes, with support from NCO, has a pattern of negative credit report filings, this was reported to the bankruptcy court BKR Docket 944, October 14, 2020. Then ED picked up where Great Lake stopped, together sufficiently ruining White's credit he was denied a loan by State Bank, August 20, 2013. January 12, 2021 (Bkr Docket 990) White filed a motion to have the negative credit report information removed from White's credit accounts because Michigan State Housing Development Authority (MSHDA) and United States Dept. of Agriculture, Rural Development Division refused $7,000 loan request for a new water well.

FRCP 15 allows liberal amendment of the adversary proceeding complaint.

Relief Request

Plaintiff-Debtor White, pro per, requests this court Order ED answer Production of Documents by March 2, 2022 and Interrogatories by March 3, 2022.

February 14, 2022 /s/ Michael White
Michael White, 11255 Block Road, Birch Run, MI 48415
Tel 989-780-2110 Email: mikewhite5558@gmail.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION-BAY CITY

In re: Michael B. White and     Case: 13-21977-dob
     Darla K. White, deceased     Chapter 7
                                        Bankr. Judge Daniel S. Opperman

PLAINTIFF:
Michael B. White, individual     Adversary Complaint # 21-02038-dob
Debtor pro se
v
DEFENDANTS:
U.S. Department of Education
Great Lakes Educational Loan Services, Inc.
jointly and severally                                       /

Order

U.S. Dept. of Education's Motion For Protective Order

This matter having come before the Court by motion and response, the Court having held a hearing, and being otherwise advised by matters in the record states:

IT IS ORDERED the United States Department of Education motion is denied. The U.S. Dept. of Education shall provide discovery responses to Plaintiff-Debtor White as follows:

1. Respond to Production of Documents, issued January 31, 2022, by March 2, 2022.

2. Respond to Interrogatories, issued February 1, 2022, by March 3, 2022.

End of proposed order.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION-BAY CITY

In re: Michael B. White and  
     Darla K. White, deceased

Case: 13-21977-dob  
Chapter 7  
Bankr. Judge Daniel S. Opperman

PLAINTIFF:  
Michael B. White, individual  
Debtor pro se  
v  
DEFENDANTS:  
U.S. Department of Education  
Great Lakes Educational Loan Services, Inc.  
jointly and severally                                      /

Adversary Complaint # 21-02038-dob  
Jury Demand

CERTIFICATE OF SERVICE  
Plaintiff-Debtor White Response Brief (Docket ___ ) To U.S. Dept. of Education's  
Motion For FRCP 26(b)(2)(C)(c) Protective Order (Docket 41)

February 14, 2022, Michael White filed the above referenced document by Mieb drop box Flint, Michigan.

and USPS 1st class mail to:

John Postulka (P71881) Assistant U.S. Attorney, atty for U.S. Department of Education, 211 W. Fort Street, Suite 2001, Detroit, Michigan 48226, Tel (313) 226-9118, Email: John.Postulka2@usdoj.gov

Marc P. Jerabek (P65856), Plunkett Cooney Law Firm, atty for Great Lakes Educational Loan Services, Inc., 38505 Woodward Avenue, Suite 100, Bloomfield Hills, MI 48304, Office: 248-901-400, Cell: 248-961-2033, mjerabek@plunkettcooney.com

February 14, 2022 /s/ Michael White  
Michael White, 11255 Block Road, Birch Run, MI 48415  
Tel 989-780-2110 Email: mikewhite5558@gmail.com