UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION-BAY CITY

In re: Michael B. White and            Case: 13-21977-dob
     Darla K. White, deceased          Chapter 7

                                         Bankr. Judge Daniel S. Opperman
PLAINTIFF:                     Adversary Complaint # 21-02038-dob
Michael B. White, individual
Debtor pro se

                                                 JURY DEMAND
v

DEFENDANTS:
U.S. Department of Education
Great Lakes Educational Loan Services, Inc.,
joint and several
_____/


Plaintiff – Debtor White's Reply To Defendant Great Lakes' Response (Docket 65)
To Plaintiff's LBR 9021-1(a)(4) Objection (Docket 63) To
Great Lakes' Proposed Order (Docket 61)


    Now comes Plaintiff-Debtor Michael White, pro per, stating his reply to Great Lakes' response (Docket 65). White believes Great Lakes' behavior is unprofessional and unnecessary. White had thought the Court had sufficient information so it could have choose between Great Lake's proposed order and White's proposed order. Eight years ago, Great Lakes filed Proof of Claim #5 without following the FRBP 3001, making Claim #5 invalid. In Claim #5, Great Lakes specifically inform White to send notices direct to Great Lakes. Then for the next eight years, Great Lakes thumbs its nose at the bankruptcy court jurisdiction by refusing any participation.

1

Now, Great Lakes wants to address issues, jury demand, that have nothing to do with the March 3, 2022 hearing's proposed order.

On the assumption we are still operating under the 7-day Rule, another example of Great Lakes' unprofessional behavior is this response by Great Lakes. White did not know Great Lakes was even allowed to file a response. White thought this Court simply had to choose between the two proposed orders and/or write its own order and we'd be done, ready to move to the next matter.

If we are still operating under the 7-Day Rule, because Great Lakes sent the response by USPS mail, and did not provide White with the curtesy of email version, White is now obligated to respond within 2 hours.

White is completely baffled why Great Lakes wants to keep EGS Financial Care, Inc. in the lawsuit caption.

As stated in White's objection (Docket 63), page 2 of 2, "White does not disagree three motions were taken under advisement, but that is not the current issue for this protective order."

White will repeat to this Court, Great Lakes' language, "…for the reasons stated on the record," should be deleted because this order, like all orders, in White's opinion, should be a stand-alone document. If the court follows White's advice anyone can pick up the order, read it, and you're done. If Great Lakes were acting logically, it would agree with White, what part of the record is Great Lakes referring to? The 40 seconds at March 3, 2022 hearing being approximately 1:15:45 to 1:16:22, or the entire hour and a half of the March 3rd hearing, or the 1,000 plus

dockets that Great Lakes likes to use as mud flinging? White's proposed order attached to Docket 63 eliminates the nonsense.

## Jury Demand

White apologizes but does not have time to express an opinion to the cases Great Lakes cites, *Granfinanciera v Nordberg*, 492 U.S. 133 (1989) may not have any applicability, but is certainly older than *Stern v Marshall*, 562 U.S. 462 (2011).

"Jury Demand" appears to be the real reason for Great Lakes response objection. An argument Great Lakes and ED have already waived. White agrees he is not entitled to a jury trial to the FRBP 3000 series contested matter regarding Great Lakes having filed an invalid proof of claim. In the documents leading up to the March 3rd hearing, White may have mislabeled his "summary judgment" motion, but regardless White is entitled to judgment now on the issue of invalid proof of claim, this Court has sufficient information to strike Claim #5 as unenforceable.

Great Lakes attempts to use "charisma" to falsely convert White's adversary proceeding into the single issue of 11 USC 523(a)(8) request for undue hardship. If White's adversary proceeding were solely a undue hardship discharge matter, Great Lakes would escape liability for damages inflicted upon White and circumvent the law Bankruptcy Judge Martin Glenn (*In re: Sheldon Bert Leary, Leary vs Great Lakes & ED*, adv pro 15-01295-MG, bkr 15-11583, FOR PUBLICATION (Bkr. S.D.N.Y. September 8, 2020) used to sanction Great Lakes hundreds of thousands of dollars for the same type of misbehavior.

White's adversary proceeding is plain on its face, Count 1: Claim #5 Is Administratively Void; Count 3: Claim #5 Fails to Meet FRBP 3001 Itemization and Documentation; Count 4: Claim #5 is Invalid as Starting Principal Balance is Wrong; Count 4: Claim #5 is in Violation of FRBP 3001; Count 5: Statute of Limitations Claim #5 was Stale Prior To Filing; and Count 2: Claim #5 Was Discharged November 17, 2017, when properly decided Claim #5 will be stricken as unenforceable, making undue hardship moot.

The adversary proceeding continues as to how both Great Lakes and ED violated White's rights giving raise to damages those claims are the domain of a jury.

Undue Hardship

Continuing to reply to Great Lakes inappropriate response, undue hardship discharge is applicable to Chapter 7, 11, 12, and 13. White lacks knowledge to comment on Chapter 12. A plain reading of the statue is undue hardship discharge is allowed in Chapter 11 (individual) and Chapter 13 thus student loan discharge is permissible, at a minimum, to save the viability of a Chapter 11 or 13 reorganization plan because a failed reorganization forces conversion to Chapter 7. Thus, any Brunner Test, or similar judicial whimsy, would make the Chapter 11 and 13 language surplusage. Likewise if non-discharge of student loans were to causes a Chapter 7 debtor failure of financial rehabilitation it is an undue hardship. 523(a)(8) language cannot eviscerate an entire bankruptcy chapter.

Since *Law v Siegel*, 571 U.S. \_\_\_ (2014), also see *Smith v U.S. Bank*, No. 20-3150, published (6th Circuit 2021), no bankruptcy court has the jurisdiction to use the

4

Brunner Test, or similar fact specific test, unless that court can justify the decision based on a specific section of the bankruptcy code. The Brunner Test is 36 years old, the 6th Circuit test is only slightly newer, both have been invalid since 2014. The Brunner Test test requires a "good faith attempt at repayment," a judicial fabrication not authorized in the bankruptcy code.

In White's opinion, since 2014, every bankruptcy judge has the obligation to read the full decision in both Brunner and the 6th Circuit "precedential case." Going from memory, the 6th Circuit allows a pet dog, Brunner does not, each case discusses how many times a debtor can go to the restaurant.

There is zero statutory basis for undue hardship to be judged at time of adversary proceeding. Financial hardship must be based on the Chapter 7 Means Test Calculation or other "at petition" test. All code dates are at petition.

March 21, 2022 /s/ Michael White
Michael White, 11255 S. Block Road, Birch Run, MI 48415
Tel 989-780-2110 Email: mikewhite5558@gmail.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION-BAY CITY

In re: Michael B. White and
      Darla K. White, deceased

Case: 13-21977-dob
Chapter 7

PLAINTIFF:
Michael B. White, individual
Debtor pro se

Bankr. Judge Daniel S. Opperman
Adversary Complaint # 21-02038-dob

JURY DEMAND

v

DEFENDANTS:
U.S. Department of Education and
Great Lakes Educational Loan Services, Inc.,
joint and several
_____/

Certificate of Service

Plaintiff – Debtor White's Reply To Defendant Great Lakes' Response (Docket 65)
To Plaintiff's LBR 9021-1(a)(4) Objection (Docket 63) To
Great Lakes' Proposed Order (Docket 61)

March 21, 2022, Michael White filed the above referenced document by Mieb website pro se upload

with email and USPS 1st class mail to:

Marc P. Jerabek (P65856), Plunkett Cooney Law Firm, atty for Great Lakes Educational Loan Services, Inc., 38505 Woodward Avenue, Suite 100, Bloomfield Hills, MI 48304, Office: 248-901-400, Cell: 248-961-2033, mjerabek@plunkettcooney.com

John Postulka (P71881) Assistant U.S. Attorney, atty for U.S. Department of Education, 211 W. Fort Street, Suite 2001, Detroit, Michigan 48226, Tel (313) 226-9118, Email: John.Postulka2@usdoj.gov

March 21, 2022 /s/ Michael White
Michael White, 11255 Block Road, Birch Run, MI 48415
Tel 989-780-2110 Email: mikewhite5558@gmail.com

6