UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY


IN RE:

    MICHAEL B. WHITE and
    DARLA K. WHITE, deceased          Case No. 13-21977
                                    Chapter 7 Proceeding
          Debtor.            Hon. Daniel S. Opperman
_____/
MICHAEL B. WHITE,

          Plaintiff,

v.                                     Adv. Proc. No. 21-2038

U.S. DEPARTMENT OF EDUCATION,
GREAT LAKES EDUCATIONAL LOAN
SERVICES, INC. a Wisconsin Corp., EGS
FINANCIAL CARE, INC. (fka NCO Financial
Systems, Inc.), a Pennsylvania Corp.,
jointly and severally,

          Defendants.
_____/


OPINION AND ORDER REGARDING DEFENDANT UNITED STATES DEPARTMENT OF
EDUCATION'S MOTION TO PARTIALLY DISMISS (DOCKET NO. 16)

      Before the Court is the United States Department of Education's Motion to Partially

Dismiss Plaintiff's Adversary Proceeding. In his Adversary Proceeding Complaint, Plaintiff

asserts twelve counts. Counts One through Six object to Claim Number 5, filed by Defendant

Great Lakes Educational Loan Services, Inc. ("Great Lakes"), as servicer for the United States

Department of Education ("Department of Education"). These counts object to this claim due for

various reasons including: the claim is administratively void, the claim has lack of sufficient

documentation improper calculation of starting principal balance, statute of limitations, and

1

unlawful interest rate. Plaintiff asserts two Count 8's: the first one asserting a breach of contract claim, and the second Count 8, along with Counts 7 and 9, asserting a determination as to the dischargeability of the student loan debt under 11 U.S.C. § 523(a)(8). Counts 10 and 11, allege fraud and misrepresentation.

The Department of Education files the instant Motion To Dismiss as to all but the Counts concerning dischargeability under Section 523(a)(8)—the second Count 8, Count 7, and Count 9. As to Counts 1 through 6, Plaintiff asserts that the Department of Education's claims are not valid because Federal Rule of Bankruptcy Procedure 3001 has not been complied with. The Department of Education argues that the only method to disallow a claim are those stated under 11 U.S.C. § 502(b), which sets the bases for allowance or disallowance of claims, whereas Rule 3001 sets the requirements as to form, content and supporting documentation for proofs of claim. The Department of Education also asserts that even if Plaintiff had stated a valid basis for disallowance of these claims, he lacks standing to object in this administratively insolvent bankruptcy estate. Finally, the Department of Education argues that these claim objections are barred by sovereign immunity. As to the first Count 8 and Counts 10 and 11, the Department of Education argues that these counts must also be dismissed because Plaintiff lacks standing to bring such as only the bankruptcy trustee has standing to do so, and in any event, these counts are barred by sovereign immunity with no exception to such immunity before this Court.

Plaintiff responds that his intention was to cite Section 502(b) as authority for claims disallowance, and that he be given the right to amend his Complaint to plead such. He asserts that he has standing because he has a direct financial interest in the amount of this claim as both a creditor and the debtor. He asserts he is a creditor by virtue of this Court's October 1, 2020 Order transferring the Claim of Gary and Terri Ginter, Claim No. 9, in the amount of $3,000.00,

to him. He also argues that sovereign immunity is not applicable to this adversary proceeding as all counts are core proceedings to determine the validity and dischargeability of a debt based upon a claim filed in his bankruptcy case.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and E.D. Mich. LR 83.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts).

## Motion to Dismiss Standard under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), made applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b), a party may assert by motion the "failure to state a claim upon which relief can be granted." The United States Supreme Court has held that in order to survive a Rule 12(b)(6) motion to dismiss, the complaint must allege "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In so doing, the Supreme Court renounced the previously "'accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* at 561-62 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). As explained by the Supreme Court in *Twombly*, while "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] . . . Factual allegations must be enough to raise a right to relief above the

speculative level," assuming that all of the complaint's allegations are true. *Id.* at 555 (internal quotations and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009), the Supreme Court confirmed that the *Twombly* standard applies in all federal civil actions and not just in antitrust disputes as was the case in *Twombly*. The Supreme Court also emphasized that the assumption that all of the allegations are true does not apply to legal conclusions: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Moreover, the Supreme Court noted that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In sum, while the plausibility standard first set forth by *Twombly* does not require "'detailed factual allegations'" or a showing of probability, *id.* at 678 (quoting *Twombly*, 550 U.S. at 555), "'the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory,'" *Digeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014) (quoting *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012)). When deciding a Rule 12(b)(6) motion to dismiss, the Court "must 'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). The defendant has the burden of showing that the plaintiff failed to state a plausible claim for relief.

Plaintiff received his Chapter 7 discharge by Order dated November 21, 2017, and in that Order of Discharge, it is clearly stated that student loans such as the loans at issue here are not discharged. However, a debtor may seek a determination of the dischargeability of a student loan debt under Section 523(a)(8).

Section 523(a)(8) of the Bankruptcy Code provides:

(a) a discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

The Sixth Circuit has defined a three-part test to be used in "undue hardship" determinations. The test requires that the debtor demonstrate:

(1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period; and (3) that the debtor has made good faith efforts to repay the loans.

*Cheesman v. Tennessee Student Assistance Corp. (In re Cheesman)*, 25 F.3d 356, 359 (6th Cir. 1994) (quoting the test adopted by the Second Circuit in *Brunner v. New York State Higher Educ. Serv. Corp.*, 831 F.2d 395 (2d Cir. 1987)).

The Department of Education's Motion To Dismiss cannot be granted as to the second Count 8, Count 7 and Count 9. First, the Department of Education concedes this point. Second, Plaintiff has stated plausible claims for relief as to the dischargeability of this student loan debt. The Court cautions Plaintiff that plausibility means that the Court accepts that these allegations

may meet the undue hardship standard under Section 523(a)(8), but further proof is needed as to these issues of fact.

Dismissal is, however, appropriate as to the remaining counts. First, Counts 1 through 6 object to the claim filed by the Department of Education. Pursuant to the Court's September 30, 2020 Order at Docket No. 938, this claim remains a valid claim in this bankruptcy case. A claim objection must be made by a party with standing and standing is determined based upon the impact to the party. In order to demonstrate standing generally, a party must meet three elements:

> (1) actual or threatened injury resulting from the conduct or action of another;
> (2) an injury which can be traced to the challenged conduct or action; and
> (3) the injury may be redressed by a favorable decision by the court.

*In re Cormier*, 382 B.R. 377, 410 (Bankr. W.D. Mich. 2008). As to element one, requiring an "actual or threatened injury resulting from the conduct or action of another," the *Cormier* Court held that Chapter 7 debtors will rarely be able to meet this standard, because "no matter how the estate's assets are disbursed by the trustee, no assets will revert to the debtor." *Id.* at 410. Here, the claims filed impact the administration of this Chapter 7 case, and the liquidation of assets and payment to creditors will not result in any surplus for the Debtor, Plaintiff, because this is an administratively insolvent estate. Likewise, Mr. White, as the assignee of a creditor, will not receive any payment. The Court also notes that Plaintiff had an opportunity to object to this claim, did object and that objection was decided. Plaintiff may not resurrect a claim objection through this Adversary Proceeding years later.

"'Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).'" *Stalley ex rel. U.S. v. Orlando Reg. Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (quoting *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991)). Finally, as pointed

out by the Department of Education, the allowance or disallowance of a claim does not impact a determination of dischargeability of debt. As stated above, Plaintiff's counts seeking a determination of dischargeability of the student loan debt remain.

The same standing analysis is applicable to the three remaining counts—the first Count 8, Count 10 and Count 11 for breach of the loan contract, fraud and misrepresentation. Plaintiff, as a debtor, also lacks standing to bring these counts as these are pre-petition claims of the debtor, which are claims of the bankruptcy estate to be brought by the Chapter 7 bankruptcy trustee. Moreover, Plaintiff can and has raised these issues in Counts 7, second Count 8 and Count 9 in that a determination of a student loan debt includes a calculation and determination of the amount of debt, if any. To the extent necessary, the basis of the first Count 8, 10 and 11 are included in the counts that remain and can be determined by the Court as to the dischargeability of the student loan debt.

Any defenses of sovereign immunity asserted by the Department of Education are moot as the Court grants its Motion To Dismiss as to the indicated Counts for the reasons above-stated.

WHEREFORE, IT IS HEREBY ORDERED that Defendant Department of Education's Motion To Dismiss is GRANTED as to Counts 1, 2, 3, 4, 5, 6, first Count 8, 10 and 11, but DENIED as to the second Count 8, Count 7 and Count 9.

**Not for Publication**

**Signed on May 24, 2022**



/s/ **Daniel S. Opperman**

**Daniel S. Opperman**
**United States Bankruptcy Judge**