UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

    MICHAEL B. WHITE and
    DARLA K. WHITE, deceased             Case No. 13-21977
                                                       Chapter 7 Proceeding
              Debtor.                             Hon. Daniel S. Opperman
_____/
MICHAEL B. WHITE,

        Plaintiff,

v.                                                                                        Adv. Proc. No. 21-2038

U.S. DEPARTMENT OF EDUCATION,
GREAT LAKES EDUCATIONAL LOAN
SERVICES, INC. a Wisconsin Corp., EGS
FINANCIAL CARE, INC. (fka NCO Financial
Systems, Inc.), a Pennsylvania Corp.,
jointly and severally,

        Defendants.
_____/

<u>OPINION AND ORDER REGARDING DEFENDANT GREAT LAKES EDUCATIONAL
LOAN SERVICES, INC.'S MOTION TO DISMISS AND ALTERNATIVE MOTION FOR
SUMMARY JUDGMENT (DOCKET NO. 17)</u>

      Before the Court is Great Lakes Educational Loan Services, Inc.'s Motion To Dismiss Plaintiff's Adversary Proceeding. In his Adversary Proceeding Complaint, Plaintiff asserts twelve counts. Counts One through Six object to Claim Number 5, filed by Defendant Great Lakes Educational Loan Services, Inc. ("Great Lakes"), as servicer for the United States Department of Education ("Department of Education"). These counts object to this claim due for

1

various reasons including: the claim is administratively void, the claim has lack of sufficient documentation improper calculation of starting principal balance, statute of limitations, and unlawful interest rate. Plaintiff asserts two Counts 8: the first one asserting a breach of contract claim; and the second Count 8, along with Counts 7 and 9, asserting a determination as to the dischargeability of the student loan debt under 11 U.S.C. § 523(a)(8). Counts 10 and 11, allege fraud and misrepresentation.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and E.D. Mich. LR 83.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts).

For the reasons stated in this Court's contemporaneous Opinion and Order Regarding the Department of Education's Motion To Partially Dismiss, the Court concludes that dismissal is appropriate as to Great Lakes as to Counts 1, 2, 3, 4, 5, 6, first Count 8, 10 and 11. As to the second Count 8, Count 7 and Count 9, concerning the dischargeability of debt, the Court held these counts remain as to the Department of Education. Great Lakes was the servicer for the Department of Education at the time the bankruptcy was filed and filed the claim on behalf of the Department of Education. Great Lakes asserts that it has not serviced these loans since they went into default on May 15, 2019, which was before this Adversary Proceeding was commenced on November 22, 2021. Thus, Great Lakes asserts it is not a proper defendant in this Adversary Proceeding.

Under Federal Rule of Civil Procedure 12(b)(6), made applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b), a party may assert by motion the "failure to state a claim upon which relief can be granted." The United States Supreme Court has held that in order to survive a Rule 12(b)(6) motion to dismiss, the complaint must allege

"enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the plausibility standard first set forth by *Twombly* does not require "'detailed factual allegations'" or a showing of probability, *id.* at 678 (quoting *Twombly*, 550 U.S. at 555), "'the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory,'" *Digeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014) (quoting *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012)).

The Court's analysis begins and ends with the Bankruptcy Code. Section 523(a)(8) states:

> (a) a discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
>
> (8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

The word "debt" is defined in 11 U.S.C. § 101(12) as "liability on a claim," and "claim" is defined in Section 101(5) as:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecure; or
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

As the loan servicer, Great Lakes does not have a "right to payment" or a "right to an equitable remedy for breach of performance" for this "claim." Thus, "liability on a claim" for this "debt" is not owing by Plaintiff to Great Lakes. Without a "debt," there is no dischargeability issue under Section 523. Accordingly, Plaintiff has failed to state a claim against

3

Great Lakes under the Section 523(a)(8) Counts—second Count 8, Count 7 and Count 9—those Counts are dismissed as well under Rule 12(b)(6).

WHEREFORE, IT IS HEREBY ORDERED that Defendant Great Lakes' Motion To Dismiss is GRANTED as to all Counts.

**Not for Publication**

**Signed on May 24, 2022**

/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge