UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

MICHAEL B. WHITE and
DARLA K. WHITE, deceased

      Debtor.
_____/

MICHAEL B. WHITE,

      Plaintiff,

v.

U.S. DEPARTMENT OF EDUCATION,
GREAT LAKES EDUCATIONAL LOAN
SERVICES, INC. a Wisconsin Corp., EGS
FINANCIAL CARE, INC. (fka NCO Financial
Systems, Inc.), a Pennsylvania Corp.,
jointly and severally,

      Defendants.
_____/

Case No. 13-21977
Chapter 7 Proceeding
Hon. Daniel S. Opperman

Adv. Proc. No. 21-2038

## OPINION AND ORDER REGARDING PLAINTIFF MICHAEL WHITE'S MOTION FOR SUMMARY JUDGMENT (DOCKET NO. 27)

Before the Court is the Plaintiff's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c), made applicable to this bankruptcy adversary proceeding by Federal Rule of Bankruptcy Procedure 7056. Plaintiff argues in his Motion that he is entitled to a judgment on the pleadings on all counts of his Complaint. Specifically, Plaintiff argues that:

(1) Claim No. 5 filed by Great Lakes Educational Loan Services, Inc. ("Great Lakes") as servicer for the United States Department of Education ("Department of Education") should be stricken as unenforceable and award him sanctions;

1

(2) He is entitled to summary judgment under 11 U.S.C. § 523(a)(8) because there are no issues of fact that the student loan debts at issue should be discharged;

(3) Award sanctions against both the Department of Education and Great Lakes for violation of the discharge injunction, as well as award damages for Mr. White's financial, emotional, and physical health damages, and finally order corrections be made to his credit report accordingly, among other remedies.

The Department of Education and Great Lakes both oppose this Motion, as issues of fact exist as to the only viable counts alleged under Section 523(a)(8). Both assert that the remaining counts and relief requested by Plaintiff should not only be denied on summary judgment grounds, but should be dismissed for the reasons asserted in their Motions To Dismiss.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and E.D. Mich. LR 83.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts).

Rule 56(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Choate v. Landis Tool Co.*, 486 F. Supp. 774 (E.D. Mich. 1980). The moving party bears the burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). The burden then shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Indus., Inc.*, 764 F. Supp 1223, 1227 (E.D. Mich. 1991).

Section 523(a)(8) of the Bankruptcy Code provides:

(a) a discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

The Sixth Circuit has defined a three-part test to be used in "undue hardship" determinations. The test requires that the debtor demonstrate:

(1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period; and (3) that the debtor has made good faith efforts to repay the loans.

*Cheesman v. Tennessee Student Assistance Corp. (In re Cheesman)*, 25 F.3d 356, 359 (6th Cir. 1994) (quoting the test adopted by the Second Circuit in *Brunner v. New York State Higher Educ. Serv. Corp.*, 831 F.2d 395 (2d Cir. 1987)).

The Court has entered two contemporaneous Opinions and Orders regarding the Motions To Dismiss filed by the Department of Education and Great Lakes. The only remaining counts of Plaintiff's Complaint are the three concerning dischargeability under Section 523(a)(8)—the second Count 8, Count 7, and Count 9. These three counts only remain viable as to the Department of Education, the Court having dismissed all counts Plaintiff has against Great Lakes. The Department of Education concedes that dismissal is not appropriate as to the Section 523(a)(8) counts as issues of fact exist. The Court agreed that Plaintiff has stated a plausible claim against the Department of Education under Section 523(a)(8). However, stating a claim and proving a claim are two different issues. The issue of the dischargeability of student loans is

an issue of fact in which summary judgment is generally not appropriate. Intrinsic in the Section 523(a)(8) analysis is a general rule that undue hardship determinations are questions of fact. *Ginsburg v. United States (In re Ginsburg)*, 54 B.R. 69, 70-71 (Bankr. W.D. Ky. 1985). A court must, therefore, examine the specific facts and the totality of a debtor's circumstances in each individual case. *Id*. (citing *In re Moorman*, 44 B.R. 135, 137 (Bankr. W.D. Ky. 1984); *In re Washington*, 41 B.R. 211, 215 (Bankr. E.D. Va. 1984)). The record in this case contains only bare allegations of undue hardship by Plaintiff, without support in the form of affidavits or other offers of proof. Even if such had been part of this record, the Court would give the appropriate credence to such considering its self-supporting nature. Accordingly genuine issues of material fact exist, rendering summary judgment inappropriate as to the remaining counts in this adversary proceeding—the second Count 8, Count 7, and Count 9. For the reasons stated in this Court's contemporaneous Opinions and Orders, all other counts of the Complaint are dismissed.

      WHEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 27), is DENIED.

**Not for Publication**

**Signed on May 24, 2022**

/s/ Daniel S. Opperman
_____
**Daniel S. Opperman**
**United States Bankruptcy Judge**